Matter of Kelley v Kelly (2003 NY Slip Op 51485(U))

[*1]

Matter of Kelley v Kelly

2003 NY Slip Op 51485(U)

Decided on December 15, 2003

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2003

Supreme Court, New York County
In the Matter of the Application of WILLIAM E. KELLEY, Petitioner, For a Judgment Under Article 78 of the Civil Practice Law and Rules,
against
RAYMOND KELLY, Police Commissioner of the City of New York, Respondent.
Index No. 108128/03

Herman Cahn, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment annulling respondent's determination which denied his application for a pistol license, and an order directing respondent to issue such license. Respondent seeks dismissal of the petition.
FACTUAL ALLEGATIONS
Petitioner applied for a "premises residence" pistol license in 2002. He received a Notice of Disapproval, dated October 17, 2002. The disapproval was based on the circumstances of petitioner's arrest on September 7, 1987 for criminal possession of a loaded gun, and the discrepancies between statements he made about the arrest in an April 13, 2001 application, and in the subject application. Petitioner's 2001 application was disapproved because he was no longer employed with the security company that sponsored the application. Petitioner's application for a rifle/shotgun permit was approved in 2001.
Petitioner appealed the disapproval by letter dated November 27, 2002. In that letter, petitioner noted that he holds a New York City rifle/shotgun permit, and attempted to explain the discrepancies. By letter dated January 6, 2003, respondent denied the appeal. He then commenced this article 78 proceeding.
DISCUSSION
Section 400.00 of the Penal Law authorizes the issuance of firearms licenses "only after investigation and finding that all statements in a proper application for a license are true." The applicant must also be of good moral character (Penal Law § 400.00 [1] [b]), and "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [g]). "The Police Commissioner has broad discretion to decide whether to issue a license" (Matter of [*2]Kaplan v Bratton, 249 AD2d 199, 201 [1st Dept 1998]). Respondent's determination must be upheld if the record shows a rational basis for it. 
One of the reasons for the denial was petitioner's inconsistent statements concerning his arrest in 1987. In his 2001 application, petitioner stated that the reason for the arrest was that "he was coming out of a bldg and was arrested with everyone at the location." In his 2002 application, he stated that "he was in a van and the occupants were going to settle a score and when the van was pulled over a gun was found."
Petitioner claims that the inconsistencies in the two applications are reconciled in his appeal letter. In that letter, petitioner's attorney wrote that the statements in both applications are accurate. According to petitioner's attorney, petitioner was arrested when he left a building, as described in his 2001 application. In his 2002 application, petitioner stated that he was arrested after the police pulled over the van in which he was a passenger. Petitioner's attorney reconciles the two statements by explaining that, after the driver ran the van into a pole, petitioner ran into an abandoned building to relieve himself. He was arrested with the other occupants of the van when he exited the building, after the police witnessed the van crash. Petitioner told his attorney that one of the other occupants threw a gun into the van, when he saw the police.
Respondent submits the arrest report which indicates that petitioner was arrested after the police stopped the vehicle he was in. Even though petitioner admitted to being arrested, in order to put himself in a positive light, he omitted significant facts, such that respondent rationally concluded to deny the license.
Petitioner cites several cases, most of them unpublished, which have overruled respondent in denying similar applications. However, each case must be decided on its own facts.
In deciding whether to issue a license, respondent must carefully judge the application on its own unique merits. Here, it is noteworthy that the arrest which is at the core of the denial of the license, took place in 1987, sixteen years ago. Since that one arrest, respondent has had an apparently clean record, not having been arrested since. The contradictory statements were made fourteen and fifteen years, respectively, after the arrest. Some account should be taken for the normal fallibility of memory over a lengthy period.
Further, petitioner was a security guard, and is attempting to remain in that field. His ability to obtain a license is important to his ability to obtain employment in that field.
In view of the above, it was an abuse of discretion to fail to issue the license, without due consideration for the totality of the circumstances.
Accordingly, it is
ADJUDGED that the petition is granted, and the cross-motion to dismiss is denied; and it is further
ORDERED AND ADJUDGED that the matter is remanded to the respondent for reconsideration of the application in light of the within decision.
Dated: December 15, 2003
ENTER:
___________/S/___________
 J.S.C.
[*3]
Decision Date: December 15, 2003